### No. 3129

### Second Circuit

--------

### REDLINE v. SNODGRASS

--------

(March 14, 1928.  Opinion and Decree.)

--------

(*Syllabus by the Court*)

1. **Louisiana Digest—Landlord and Tenant —Par. 96, 97.**

Where one leases an apartment for the use of another and fails to pay the rent when due and the person for whom the apartment was rented abandons it, the lessor has just ground to

fear that he may lose his privilege on the contents of the apartment and is justified in suing out a writ of provisional seizure.

Lalaurie vs. Woods, 8 La. Ann. 366.
Wallace vs. Smith, 8 La. Ann. 374.

2.  **Louisiana Digest—Landlord and Tenant —Par. 74, 84, 87.**

Where property is leased for a year for a definite sum payable in twelve monthly installments, and it is stipulated in the lease that if the lessee fail to pay any installment of rent at its maturity all unmatured installments shall become due and exigible if the lessee fail to liquidate the amount within ten days after receipt of written notice to do so, the lessee's failure to pay an installment of rent at its maturity and to liquidate the amount within ten days after receipt of written notice to do so precipitates the maturity of all unmatured installments of rent and entitles the lessor to sue at once therefor.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. Robert Roberts, Judge.

Action by Mrs. E. B. Redline against Thomas H. Snodgrass.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Pugh, Grimmet & Boatner, of Shreveport, attorneys for plaintiff, appellee.

Dickson & Denny, of Shreveport, attorneys for defendant, appellant.

### STATEMENT OF THE CASE.

REYNOLDS, J. Plaintiff sued defendant to recover the sum of $495.00, with interest thereon at the rate of 8% per annum on $55.00 thereof from April 1, 1927, and like interest on a like amount from the first day of each of the next succeeding eight

months, and 10% on the amount of principal and interest, as attorney's fees, with recognition · of an asserted lessor's privilege on all property to be found on certain premises in the city of Shreveport, Louisiana, leased by plaintiff to defendant for the year beginning January 1, 1927, and ending December 31, 1927, at the price of $660.00 payable in monthly installments of $55.00 each on the first day of each month during the life of the lease, being the installments of rent falling due April 1, 1927, and on the first days of the next succeeding eight months; and on making affidavit as required by law he procured a writ of provisional seizure to be issued under which the sheriff seized certain property found on the leased premises.

The lease, which is in writing, contains the following clauses among others, to-wit:

"* * * it is further agreed that if the lessee fail to pay any one month's rent at maturity, all the unmatured rent shall become due and exigible, * * * if the lessee fail to liquidate the amount delinquent within ten days after written notice.

"It is agreed and understood that if the lessee is transferred from Shreveport, that the said lessor will release him from this lease."

Plaintiff alleged that defendant had failed to pay the installment of rent due April 1, 1927, at maturity, or to liquidate the amount delinquent notwithstanding he had been notified in writing to do so more than ten days prior to the institution of the suit, in consequence of which all the unmatured installments of rent had become due and exigible.

Defendant filed an exception of no cause of action, which was tried and overruled.

He then filed a plea of prematurity, which also was tried and overruled.

He then filed a motion to dissolve the

writ of provisional seizure on the ground that it was improvidently issued, and he also filed an answer in which he denied receiving notice of delinquency in payment of rent until about April 23, 1927, and alleged that he had been transferred from Shreveport by his employer and under the terms of the lease was entitled to be released from his obligations thereon, and that he had paid plaintiff the rent for the month of April and tendered her a sufficient amount of money to cover the costs she had incurred in bringing this suit and had notified her that he had been transferred from Shreveport and that he intended to vacate the leased premises.

On these issues the case was tried and there was judgment in favor of the plaintiff and against the defendant as prayed for and defendant appealed.

OPINION.

It is not denied that defendant did not pay the rent for the month of April, 1927, when due, and under the unconditional terms of the lease the rent for the remainder of the lease term immediately became due and payable. The fact that defendant subsequently paid the rent for that month did not waive the breach of contract.

On April 20, 1927, plaintiff's agents sent defendant a written notice as follows:

"Shreveport, La., April 20, 1927.
"Mr. Thomas Snodgrass,
"Shreveport, La.
"Dear Sir:
"You are hereby notified that unless you pay the monthly rental, within ten days, which was due on April 1, 1927, pursuant to the terms of a lease from Mrs. E. B. Redline on an apartment on Coty Street,

that all of the remaining monthly rentals will become due and payable.
"Yours very truly,
"MRS. E. B. REDLINE,
"By Pugh, Grimmet & Boatner,
Attorneys for Mrs. E. B. Redline."

But defendant contends that he paid the rent for the month of April, 1927, within ten days after the demand, and thereby prevented precipitation of maturity of rent for the remainder of the term and that therefore there was nothing due plaintiff by him and no grounds existed justifying the suit and seizure.

E. B. Redline, called by defendant as on cross-examination, testified:

"Q. Mr. Redline, didn't Mr. Snodgrass come to your place of business and offer to pay you all that he owed?
"A. Mr. Snodgrass came to my office and after the suit had been filed offered thirty-seven and 50-100 dollars, which would be $27.50 to finish the rent for this month and $10.00 additional as Court costs for suit which had been filed, if I would tear up the lease, and I refused it."

It therefore appears that defendant did not make an unconditional tender of the rent due and plaintiff properly refused it, unless defendant had been transferred by his employer from Shreveport, as to which Mr. A. F. Whiting, who like defendant, was employed by the Louisiana Oil Refining Corporation and was defendant's superior, testified that at the time of the trial as well as at the time defendant claimed he had been transferred from Shreveport by his employer he was employed in the capacity of travelling auditor with his main office in Shreveport and making his reports to his employer there.

"Q. (By the Court.) When you say he is transferred, you don't mean transferred to another jurisdiction but transferred from one job to another?
"A. Yes, sir.

"Q. Has he been transferred to a job which makes it more convenient for the company and for him to reside elsewhere than here?

"A. No.

"Q. As a matter of fact, where does he live now, in Shreveport?

"A. I understand he lives in Shreveport."

This evidence shows that the transfer relied on by defendant as entitling him to a cancellation of the lease is not such a transfer as was contemplated by that instrument, and he having failed to pay or even, to make a legal tender of the rent due within ten days after written demand was made upon him for it the rent for the remainder of the lease period thereby became exigible.

The rent was past due and the occupant of the premises had abandoned it and therefore plaintiff had legal reason to fear that she might be deprived of her lessor's privilege on the contents of the premises and was justified in obtaining the issuance of the writ of provisional seizure.

Under the law and the evidence the judgment appealed from is correct and accordingly it is affirmed.